Alex N. Jilizian
350 Lincoln Street, Suite 2400
Hingham, MA 02043
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
Alex@paronichlaw.com
*Attorney for Plaintiff and Putative Class*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHLEEN KENNEDY, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| POWERSCHOOL GROUP, LLC., | |
| *Defendant.* | |

**CLASS ACTION COMPLAINT**

**NATURE OF ACTION**

1.    As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been

fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     Plaintiff Kathleen Kennedy ("Plaintiff") brings this action under the TCPA alleging that Defendant PowerSchool Group, LLC ("Defendant") called the Plaintiff using a pre-recorded voice. The calls were made without the call recipient's prior express written consent.

3.     Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal calls.

4.     A class action is the best means of obtaining redress for the Defendant's illegal calling conduct and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **PARTIES**

5.     Plaintiff is an individual citizen and resident of Osceola County, Florida.

6.     Defendant is a limited liability company headquartered in Folsom, Sacramento County, California.

## JURISDICTION AND VENUE

7.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

8.     This Court has personal jurisdiction over the Defendant and venue is proper because Plaintiff resides in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

9.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. In 2013, the FCC required prior express written consent for all autodialed or prerecorded calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Defendant is, and at all times mentioned herein was, a "person" as

CLASS ACTION COMPLAINT
-4-

defined by 47 U.S.C. § 153(39).

16.    Defendant is an education technology software company that develops cloud-based software for school districts.

17.    Defendant sends artificial pre-recorded message calls to cellular telephones.

18.    Plaintiff's cellular telephone number is (309) XXX-XXXX and it is assigned to a cellular telephone service.

19.    Plaintiff has not provided her phone number to Defendant, nor consented to contact from Defendant.

20.    Despite that, Defendant called Plaintiff at least eight times from January 15 to April 7, 2026 and left prerecorded messages on the calls.

21.    The calls from Defendant came from caller ID (815) 942-4390.

22.    The prerecorded calls stated various messages.

23.    For example, on February 9, 2026, Defendant left Plaintiff the following pre-recorded message:

> Good evening.  This is the Grundy Area Vocational Center calling to announce that the Grundy Economic Development Council internships are now available on our website.  This is a great opportunity if your student is looking for a summer job.  We have twenty-two local companies providing over forty paid positions.  Please visit www.gvcdashil.org for more information on the application process, job descriptions and deadlines.  Thank you.

CLASS ACTION COMPLAINT
-5-

24. Then on February 27, 2026, Defendant left Plaintiff another prerecorded voice message that stated the following:

> Dear students. Good news. The application deadline for the GEDC Summer Internship Program has been extended to Monday March 2, 2026. This is a great opportunity to gain real world work experience, build your resume, and earn money over the summer through a paid internship. If you are interested in developing new skills and exploring potential career paths, we strongly encourage you to apply. Do not miss out on this opportunity. Be sure to submit your application by Monday, March 2, 2026. Best of luck and we hope you take advantage of this exciting opportunity.

25. The calls were clearly and obviously prerecorded in nature because the voice on the call sounded artificial. Additionally, the manner of speech, tone of voice, cadence, and pausing did not sound human, but like a robot.

26. The calls were meant for someone other than, and unknown to, Plaintiff.

27. Plaintiff never provided prior express written consent for the prerecorded calls and had no reason to be contacted by Defendant in this manner.

28. The aforementioned calls to Plaintiff were unwanted.

29. The calls were nonconsensual encounters.

30. Plaintiff's privacy has been violated by the above-described calls.

31. Plaintiff never provided her consent or requested the calls.

CLASS ACTION COMPLAINT
-6-

32.     Plaintiff and the other call recipients were harmed by the calls. They were temporarily deprived of legitimate use of her phone because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

33.     Moreover, the calls injured Plaintiff because they were was frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

35.     Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23:

> **Pre-Recorded Call Class**:  All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to Defendant's customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

36.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

38. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

39. This Class Action Complaint seeks injunctive relief and money damages.

40. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

41. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Class.

42. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

43. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members

because of the uniformity of the telemarketing conduct.

45.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant systematically made pre-recorded telemarketing calls;

(b) whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.

47.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.     The likelihood that individual members of the Class will prosecute

separate actions is remote due to the time and expense necessary to prosecute an individual case.

49. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

50. The foregoing acts and omissions of the Defendant, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiffs and members of the Class delivering pre-recorded messages.

51. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

53. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C.

§ 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

A.    Certification of the class as alleged herein;

B.    Appointment of Plaintiff as representative of the Class;

C.    Appointment of the undersigned as counsel for the Class;

D.    Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(c)(5);

E.    Attorneys' fees and costs, as permitted by law; and

F.    Such other or further relief as the Court deems just and proper.

DATED this 3rd day of August, 2026.

PLAINTIFF, individually and on behalf of all others similarly situated,

/s/ Alex N. Jilizian
Alex N. Jilizian
350 Lincoln Street, Suite 2400
Hingham, MA 02043
PARONICH LAW, P.C.
Phone: (213) 866-5293

Fax: (508) 318-8100
Alex@paronichlaw.com

*Attorney for Plaintiff and the Putative Class*